### PILOT BOAT NO. 5.

#### KASIT et al. v. PILOT BOAT NO. 5.[1]

(District Court, E. D. New York. February 21, 1893.)

SEAMEN'S WAGES—SERVICE ON PILOT BOAT—CONSTRUCTION OF CONTRACT.

The contract by which certain seamen on a New York pilot boat were hired specified only the nature of the employment, and that the wages were so much a month. At the termination of a cruise, but before the end of a month, they left the vessel. Owing to the nature of a pilot boat's occupation, it is impossible for her to be in port at regular monthly intervals. *Held*, that the effect of the contract was that the seamen should serve for at least a month, and until the termination of the cruise, if, at the expiration of the month, the vessel should happen to be at sea. Libelants not having served a month, *held* that their departure from the vessel was a desertion.

In Admiralty. Libel for seamen's wages. Dismissed.

Alexander & Ash, for libelants.
Carter & Ledyard, for claimants.

BENEDICT, District Judge. This is an action for seamen's wages brought by the crew of a New York pilot boat. The libelants were hired to serve as hands on board the New York pilot boat No. 5, at the wages of $25 and $20 a month, respectively. They served until the 20th day of November. On the termination of a cruise on that day they left the boat, a month from the time of their hiring not having elapsed. They now sue for wages for the time they served, at the rate of wages agreed on. The defense is that, by

[1] Reported by E. G. Benedict, Esq., of the New York bar.

leaving the boat when they did, the crew deserted, thereby forfeiting their wages. The contract made with the libelants specified two things only,—the nature of the services, viz. that of a hand on board pilot boat No. 5; and that the wages were to be so much a month. The question to be determined is whether such a contract gave the crew the right to leave the pilot boat when they did, that being at the termination of a cruise, but before the expiration of a month from the time they were hired. Ordinarily, in the hiring of seamen, their engagement at monthly wages is not regarded as an engagement by the month, but the term of service is fixed either by a stated limitation of time or by a described voyage. In this contract no voyage was described, nor was the term of service fixed by any limitation of time. Of course, some limitation must be inferred, as an unlimited service could not have been intended. The cruise of the New York pilot boats is as follows: The boats take on board a company of pilots in the Upper bay of New York, proceed with them to the pilot ground, and put the pilots on board incoming vessels, as such vessels arrive. When all the pilots have left, the pilot boat returns to the Upper bay, where the pilots rejoin the boat, and she again proceeds to sea. The cruise is sometimes of two or three days' duration, and sometimes two weeks or more. The boat is never long in port. If the boat arrives up early enough before dark, the pilots may join her, and she proceeds to sea on the same day. Sometimes the boat remains only a couple of hours in port. Every pilot boat is liable to go on station duty outside for four days in each three months, at designated times, under a penalty of $100 a day in case of the boat's failure to be in the station at the time.

In the case of a pilot boat, it is therefore impossible for the vessel to be at the port of departure at monthly periods; and, when she is not in port, she is upon the high seas, where it is impossible for the seamen to leave, and impossible to permit the seamen to leave. The understanding of the parties, therefore, must have been that the time of service was to end when the boat was in port, and also the understanding that she was not to be expected to be in port at monthly periods. Plainly, these men were not considered as hired by the day; the agreement was for so much a month. Effect can, I think, be given to this method of hiring the crew by considering the intention to have been that the men should serve at least for a month; and, if at the expiration of the month the boat should be at sea, where a termination of the service would be impossible, the service should continue until the boat arrived in port, at the end of a cruise, the wages of the crew continuing until the time of such arrival. From this understanding of the contract in question, the conclusion follows that the libelants were not entitled to leave the boat when they did, because a month had not elapsed from the time of their shipment. The departure, under such circumstances, was therefore desertion, and they forfeited the wages then unpaid.

The libel must be dismissed, but without costs.