## THE WALRUS.

## MURPHY et al. v. GORTON–PEW VESSELS CO.

(Circuit Court of Appeals, First Circuit. November 21, 1919.)

No. 1416.

1. SEAMEN ⊜6, 20—REFUSAL TO FURTHER SERVE, AFTER SIGNING ARTICLES, DESERTION.

Oral contracts by fishermen to serve on a vessel for monthly wages and a share of the catches, regardless of the number of voyages made, *held* not terminated, but continued, by the subsequent signing of articles in the same terms, to comply with a new government regulation; and the refusal of the signers to further serve *held* desertion, which entitled the vessel to recoup the resulting loss from the wages then due them.

2. ADMIRALTY ⊜36—RECOUPMENT OF DAMAGES ALLOWABLE.

Damages accruing to a respondent from a transaction out of which the cause of action arose may be recouped in admiralty, as well as at common law.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Suit in admiralty by Daniel Murphy and others against the steam trawler Walrus; the Gorton-Pew Vessels Company, claimant. From the decree, libelants appeal. Affirmed.

Wendell P. Murray, of Boston, Mass., for appellants.

Frederick H. Tarr, of Gloucester, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a libel by eight fishermen to recover wages, including shares in the catches, earned during the month of May, 1918, while they were engaged as a part of a crew on the steam trawler Walrus. Seven of the libelants claim wages for the first 25 days in the month of May, and one of them for 15 days from the 10th of May.

[1] The original agreement under which they were hired was oral. It was not an agreement to pay by the trip or voyage to the fishing banks and return, but to pay monthly wages and shares in the catches, however many trips were made each month; and the payments were to be made on the 1st of the month for the wages and shares in the

catches of the preceding month, or as soon thereafter as the steamer came to port.

During the month of May the Walrus came into port with catches on the 5th and the 21st. After coming in on the 21st it became necessary for her crew to sign shipping articles to comply with a government regulation which had then become effective, and on May 25th the crew went before the United States shipping commissioner at Gloucester and did so.

On the afternoon of May 26th, when the steeamer was about to proceed on another trip to the fishing ground, the libelants, although requested to go on board, refused to do so. Because of their failure in this respect the steamer was unable to go to sea for more than 36 hours and sustained a loss of $1,250.

It was found in the court below that the articles signed on the 25th were a continuation of the oral agreement, and did not differ therefrom, except that, under the articles, the duration of the monthly employment was not to exceed "12 calendar months"; that the wages and shares of the seven libelants who had served 25 days in May was $225 each, and of the other libelant $125. It was also found that the oral contract was not terminated by signing the articles on the 25th; that the libelants were still bound thereby and were deserters; that the loss sustained by the steamer was to be charged against the libelants in proportion to the amount of wages severally due them; and that any balance should be paid them.

We think that the decree of the District Court should be affirmed. The assignments of error present no questions of law material to a decision of this case, for they are based upon assumed facts not found by the trial court (viz. that libelants' services were rendered under distinct voyage contracts ending May 5th and May 21st), and, so far as they seek to question any findings of fact, we are precluded from considering them, as the evidence has not been reported.

[2] Damages that accrue to one from a transaction out of which the cause of action arises may be recouped in admiralty as well as at common law. Gillingham v. Charleston Towboat Co. (D. C.) 40 Fed. 649, 650, 651. The employment of the libelants as fishermen upon the steamer Walrus during the month of May and the rendition of services in that capacity during the month constituted a single transaction, and the damages sought to be recouped are the direct result of their desertion and failure to perform the services which they had undertaken to render during that time. Pilot Boat No. 5 (D. C.) 54 Fed. 537.

The decree of the District Court is affirmed; the appellee to recover its costs in this court.